Leonard H. Stone
Nevada Bar No. 5791
SHOOK & STONE, CHTD.
710 South Fourth Street
Las Vegas, Nevada 89101
Tel:  (702) 385-2220

Adam J. Levitt (*pro hac vice* pending)
Diane Zilka (*pro hac vice* pending*)*
Kyle J. McGee (*pro hac vice* pending)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 2350
Chicago, Illinois 60602
Tel:  (312) 214-0000

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Juan Moreno, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>Credit One Bank, N.A.,<br><br>Defendant. | :<br>:<br>:<br>: Civil Action No.:<br>:<br>: **CLASS ACTION COMPLAINT**<br>:<br>:<br>:<br>: |

Plaintiff Juan Moreno ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as defined below), by his undersigned counsel, complains and alleges as follows based on personal knowledge as to himself and on information and belief as to all other matters against Defendant Credit One Bank, N.A. ("Defendant" or "Credit One"):

## INTRODUCTION

1.      Plaintiff, individually and on behalf of the other members of the proposed Class, brings this action against Credit One for Credit One's negligent and/or knowing and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2.      As more fully alleged below, Credit One negligently or knowingly and willfully placed a series of automated calls to Plaintiff's cellular telephone – as well as to the cellular telephones of the other Class members – in violation of the TCPA.

3.      Through the TCPA, Congress recognized that auto-dialed and pre-recorded commercial telephone communications, including calls purportedly for the purpose of collecting debts, encroach significantly on individual privacy and impose unwarranted costs on individuals.

4.      By subjecting Plaintiff and the other Class members to unauthorized, auto-dialed calls over a sustained period of time, Defendant has abused Plaintiff's and the other Class members' privacy rights and has violated the TCPA.

5.      Credit One is a national bank, chartered by the Office of the Comptroller of the Currency, and specializes in the issuance of credit cards and the servicing of credit accounts.

6.      As part of its credit card business, Credit One uses automated dialing systems to contact unsuspecting consumers – including Plaintiff and the other Class members – who have no relationship with Credit One, with automated calls.

7.      Plaintiff believes that certain of Credit One's uniform practices and policies with respect to its automated dialing practice are responsible for millions of violations of the TCPA by Credit One.  As a result of the foregoing, Plaintiff, individually and on behalf of the other Class members, seeks to hold Credit One accountable for its rampant TCPA violations and seeks relief for himself and the other Class members for Credit One's TCPA violations caused by its wrongful conduct alleged below.

**JURISDICTION AND VENUE**

8.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. All claims asserted herein arise under the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").  *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

9.      Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), because at least one member of the Class is of diverse citizenship with respect to Defendant, there are

more than 100 members of the Class nationwide, and the aggregate amount in controversy exceeds $5,000,000, exclusive of costs and interest.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because many of the acts and omissions alleged herein occurred within this District. Defendant has its principal place of business in this District.

## PARTIES

*Plaintiff*

11. Juan Moreno is a natural person and a resident of Los Angeles, California. Mr. Moreno is an individual person within the meaning of 47 U.S.C. § 153(39).

12. Mr. Moreno has never had a business relationship with Credit One and never consented to be contacted by Credit One on his cellular telephone or by any other means.

*Defendant*

13. Credit One is, and, at all times relevant to this action, was, a nationally chartered bank headquartered at 585 Pilot Road in Las Vegas, Nevada. Credit One is a subsidiary of Credit One Financial, a Nevada Domestic Corporation, which is a wholly owned subsidiary of Sherman Financial Group, LLC. Defendant services millions of cardholders across the United States.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

14. Automatic telephone dialing systems, or auto-dialers (or "ATDS"), are responsible for countless annoying, intrusive, and costly telephone calls transmitted each day to consumers who have never conducted business with the caller, no longer conduct business with the caller, or have not agreed to receive calls to particular telephone lines, including cellular telephone lines, from the caller. Depending on the frequency with which a consumer receives them, these calls can be minor inconveniences or substantial irritations, approaching harassment. During floor debates, Senator Hollings described this conduct as "the scourge of modern civilization," recognizing that such calls "wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

15.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices.  To this day, unauthorized telemarketing and debt collection practices account for more consumer complaints received by the Federal Communications Commission ("FCC") than any other business practice.

16.     By enacting the TCPA, Congress recognized the violation of consumer privacy interests that occurs each time a caller uses an auto-dialer to contact a consumer with whom it has no existing business relationship, or from whom the caller has not secured adequate consent to transmit calls.  Periodically since 1991, the FCC, which is charged with developing regulations implementing the TCPA, has issued rules expanding the scope of consumer protections offered by the statute in order to reflect and counteract the increasing aggressiveness and persistence with which marketers, scam artists, collection agencies, and others have employed auto-dialing technologies.

17.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

18.     As of October 16, 2013, the TCPA requires callers using auto-dialers or artificial or prerecorded voice messages to obtain prior express *written* consent for commercial calls to cellular telephone lines, including SMS or text messaging calls.  Prior express written consent is also required, as of October 16, 2013, for calls made to residential telephone lines using an artificial or prerecorded voice message.

19.     Furthermore, as of October 16, 2013, the TCPA no longer exempts calls made to residential telephone lines belonging to consumers with an established business relationship with the caller.  The TCPA has never exempted such calls to cellular telephone lines.

20.     On June 18, 2015, the FCC voted in favor of expanding consumers' rights under the TCPA.  The FCC's July 10, 2015 Omnibus Declaratory Ruling and Order clarifies that the statutory definition of an ATDS encompasses any instrument that may be used to conduct auto-dialing, regardless of whether that capacity was activated in placing the subject calls; that consumers have the right to revoke any consent to receive auto-dialed calls they may have provided to persons using an ATDS in the past using any reasonable means (*i.e.*, revocation of consent does not necessarily require a written submission from the call recipient); and that callers are obligated to stop placing calls to wrong numbers "after one call," regardless of whether the caller made contact with any person on that one call.

21.     Through the TCPA, Congress and the FCC have imposed a simple requirement upon persons making commercial telephone communications: call the telephone number *without auto-dialing equipment* and *without an artificial or prerecorded voice message*, unless and until the consent of the call recipient to receive auto-dialed or artificial and prerecorded voice calls is secured.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

22.     In or around September 2015, Credit One or its outbound dialing agents began placing calls to Plaintiff's cellular telephone number, ending 3712.

23.     When answering Credit One's calls, Plaintiff heard a period of silence before a live representative came on the line.  This interval of silence is a tell-tale sign that the caller is using an ATDS, such as a predictive dialer.  Plaintiff therefore alleges that all calls transmitted to his cellular telephone by or on behalf of Credit One were placed using an ATDS.

24.     Credit One initiated several such calls to Plaintiff's cellular telephone number in September 2015.  Based on his conversations with Credit One's account representatives, Credit One was looking for a female debtor that Plaintiff does not know and has never heard of.

25.     On at least one call, Plaintiff instructed the Credit One representative that it had the wrong number and should cease calling his phone number.

26.     At no time did Plaintiff ever enter into a business relationship with Credit One.

CLASS ACTION COMPLAINT

27.     At no time did Plaintiff provide Credit One with consent, much less prior express consent allowing Credit One to call his cellular telephone.

28.     Credit One made calls to Plaintiff's cellular telephone from at least the following telephone numbers, among others: (863) 784-3159 and (602) 282-1664.

29.     Credit One made calls to Plaintiff's cellular telephone on at least the following dates, among others: September 10, 2015 and September 13, 2015.

30.     Under the FCC's rules implementing the TCPA, only the first call Credit One placed to Plaintiff's cellular telephone was lawful.  All subsequent calls were unlawful, as per the July 10, 2015 Omnibus Declaratory Ruling and Order.

31.     In placing unlawful auto-dialed calls to Plaintiff's cellular telephone, Credit One acted on its own behalf or through an outbound calling agent.  The calls Credit One or its agents placed to Plaintiff's cellular telephone were made using an ATDS.

32.     Credit One and its agents employ ATDS technologies that meet the definition set forth in 47 U.S.C. § 227(a)(1), and used their ATDS systems to make each of the aforementioned calls to Plaintiff on his cellular telephone.

33.     The FCC has defined ATDS, under the TCPA, to include "predictive dialers." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008).  The FCC's Omnibus Declaratory Ruling and Order of July 10, 2015 further clarifies that an ATDS is any technology that has the capacity to dial random or sequential numbers, regardless of whether that capacity has been implemented.

34.     Credit One's (and its agents') telephone systems used to contact Plaintiff have all the earmarks of a predictive dialer.  When Credit One called Plaintiff, there was a period of silence before Credit One's telephone system would connect Plaintiff to a live representative.

35.     Credit One's calls to Plaintiff's cellular telephone were not for "emergency purposes"; rather, they were debt collection calls apparently concerning an unrelated third party's account.

CLASS ACTION COMPLAINT

36.     Credit One is knowledgeable concerning the TCPA's restrictions on auto-dialing and use of automated or prerecorded voice messages in calls made to cellular telephone lines. In addition to the fact that the TCPA's restrictions are generally known to persons in Credit One's industry, it has been sued for negligent and willful TCPA violations in connection with its debt collection practices in the past.

37.     Plaintiff alleges that Credit One called him as part of a debt collection practice concerning accounts unrelated to Plaintiff.  Plaintiff alleges further that Credit One knew that the policies, procedures, and practices through which that debt collection practice was conducted included the transmission of auto-dialed calls.

38.     Plaintiff alleges that Credit One knew that its practices and/or calling campaigns included the transmission of such calls to cellular telephone lines, such as Plaintiff's line.

39.     Despite Credit One's knowledge of the TCPA's restrictions, it persists in implementing policies and practices that are unlawful, including its systematic failure to take basic precautions before indiscriminately loading thousands of telephone numbers into its auto-dialer.  Plaintiff – who has no account or other relationship to Credit One – was auto-dialed because Credit One failed to take any steps to confirm that his telephone number belonged to a Credit One accountholder.

40.     Credit One maintains records reflecting all calls placed using its ATDS technology and all calls placed on its behalf by its outbound calling vendors, including records reflecting the disposition of each such call.  Credit One also maintains records reflecting the names, addresses, and other demographic information about each of its accountholders, including historical records.  Such records also contain the telephone number(s) at which Credit One attempted to contact such accountholders.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this case as a class action pursuant to the provisions of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, individually and on behalf of the proposed Class, defined as follows:

All persons and entities

(a)     within the United States,

(b)     to whom, at any time in the period that begins four years before this lawsuit was filed, to the date of trial, Defendant or its agent(s) transmitted at least two non-emergency telephone calls,

(c)     from any device capable of automated or predictive dialing,

(d)     to his/her cellular telephone,

(e)     where the call recipient was not then a current Credit One accountholder.

In the alternative, pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff offers the following alternative Class definition:  "All persons and entities within the United States that received on his/her cellular telephone two or more non-emergency telephone calls from any telephone number used by or on behalf of Credit One for debt collection purposes during the Class Period (a list of such numbers will be provided at the time Plaintiff moves for class certification) where the call recipient was not then a current Credit One accountholder."

Excluded from the Class are Credit One, its parent company, subsidiaries, affiliates, and agents; all persons who make a timely election to be excluded from the Class; all claims for wrongful death, survivorship, and/or personal injury by Class members; governmental entities; and the judge to whom this case is assigned and his/her immediate family.  Plaintiff reserves the right to revise the Class definition and add additional proposed Class definitions based on information learned through discovery.

42.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

43.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinders of all the members are impracticable.  On information and belief, there are not less than millions of consumers who have been damaged by Credit One's wrongful conduct as alleged herein.  The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Credit One's

books and records.   Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

44.   **Commonality and Predominance – Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3).**   Numerous common questions of law and fact exist as to Plaintiff and the other Class members.   Such questions common to the Class include, but are not limited to:

a. Whether Credit One or its agent(s) made non-emergency calls to Plaintiff and other Class members' cellular telephones using an ATDS;

b. Whether Credit One can meet its burden of showing it obtained prior express consent to make each call;

c. Whether Credit One's conduct, as alleged herein, constitutes violations of the TCPA;

d. Whether Credit One is liable for damages, and the amount of such damages; and

e. Whether Credit One should be enjoined from such conduct in the future.

45.   **Typicality – Federal Rule of Civil Procedure 23(a)(3).**   Plaintiff's claims are typical of the claims of the other Class members because, among other things, all members of the Class were comparably injured through the uniform misconduct described above.

46.   **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).**   Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; Plaintiff has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously.   Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

47.   **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).**   Credit One has acted or refused to act on grounds generally applicable to Plaintiff and the Class, thereby making appropriate final injunctive and declaratory relief, as described below.

48.     **<u>Predominance – Federal Rule of Civil Procedure 23(b)(3).</u>**   Credit One has engaged in a common course of conduct toward Plaintiff and the other Class members.  The common issues arising from this conduct that affect Plaintiff and the other Class members predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

49.     **<u>Superiority – Federal Rule of Civil Procedure 23(b)(3).</u>**   A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this action as a class action.  The damages or other financial detriment suffered by Plaintiff and each of the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Credit One, so it would be impracticable for Class members to individually seek redress for Credit One's wrongful conduct.  Even if Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT I**</u>
**NEGLIGENT VIOLATIONS OF THE
TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227, *et seq.***

50.     Plaintiff repeats and realleges Paragraphs 1-49 of this Complaint and incorporates them herein by reference.

51.     Plaintiff brings this Count individually and on behalf of all other Class members.

52.     Credit One negligently placed auto-dialed calls to telephone numbers assigned to cellular telephones belonging to Plaintiff and each of the other Class members without their prior express consent.

53.     Each of the aforementioned calls by Credit One constitutes a negligent violation of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits persons within the United States from making any call using any automated telephone dialing system to any telephone number assigned to a cellular telephone without the prior express consent of the call recipient.

54.     As a result of Credit One's negligent violations of the TCPA, Plaintiff and each of the other Class members is entitled to an award of $500.00 in statutory damages for each call made to them in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).

55.     Plaintiff, individually and on behalf of each of the other Class members, also seeks an award of attorneys' fees and costs of suit.

56.     Additionally, Plaintiff individually and on behalf of the other Class members seeks injunctive relief prohibiting such conduct by Credit One in the future.

## COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq.*

57.     Plaintiff repeats and realleges Paragraphs 1-49 of this Complaint and incorporates them herein by reference.

58.     Plaintiff brings this Count individually and on behalf of all other Class members.

59.     Credit One knowingly and/or willfully placed the auto-dialed calls described herein, which resulted in Credit One contacting cellular telephones belonging to Plaintiff and the other Class members without their prior express consent.

60.     Each of the aforementioned calls by Credit One constitutes a knowing and/or willful violation of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits persons within the United States from making any call using any automated telephone dialing system or any automated or prerecorded voice message to any telephone number assigned to a cellular telephone without the prior express consent of the call recipient.

61.     As a result of Credit One's knowing and/or willful violations of the TCPA, Plaintiff and each of the other Class members is entitled to an award of $1,500.00 in statutory

damages for each call made to them in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).

62.     Plaintiff, individually and on behalf of each of the other Class members, also seeks an award of attorneys' fees and costs of suit.

63.     Additionally, Plaintiff individually and on behalf of the other Class members seeks injunctive relief prohibiting such conduct by Credit One in the future.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and the Class the following relief against Defendant:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff Moreno as Class Representative;

C.     Appointment of Grant & Eisenhofer P.A. as Class Counsel;

D.     A declaration that Defendant violated the TCPA;

E.     Injunctive relief prohibiting violations of the TCPA by Defendant in the future;

F.     Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

G.     Statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

H.     Pre- and post-judgment interest on any monetary award, as permitted by law;

I.     Leave to amend this Complaint to conform to evidence presented at trial;

J.     An award of attorneys' fees and costs of suit to counsel for Plaintiff and the Class; and

K.     Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated:  November 6, 2015

Respectfully submitted,

By /s/ Leonard Stone
**SHOOK & STONE, CHTD.**
Leonard Stone, Esq.

710 South Fourth Street
Las Vegas, Nevada  89101
Tel: (702) 385-2220
lstone@shookandstone.com

Adam J. Levitt (*pro hac vice* pending)
Diane Zilka (*pro hac vice* pending)
Kyle J. McGee (*pro hac vice* pending)
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 2350
Chicago, Illinois  60602
Tel: (312) 214-0000
alevitt@gelaw.com
dzilka@gelaw.com
kmcgee@gelaw.com

*Counsel for Plaintiff Juan Moreno and the Proposed Class*